LYNN HUBBARD, III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

FILED
'08 JUN 23 PM 1:27
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: CP
      DEPUTY

ORIGINAL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER, <br><br> Plaintiff, <br><br> vs. <br><br> JACK IN THE BOX, INC. dba JACK IN THE BOX #63; THE MAX FIRSTENBERG WEINSTOCK FAMILY, LLC, <br><br> Defendants. | No. '08 CV 1105 WQH RBB <br><br> **Plaintiff's Complaint** |

*Oliver v. Jack in the Box, Inc., et al.*
**Plaintiff's Complaint**

Page 1

## I. SUMMARY

1. This is a civil rights action by plaintiff A.J. Oliver ("Oliver") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Jack in the Box #63
1408 3rd Avenue
Chula Vista, CA 91911
(hereafter "the Restaurant")

2. Oliver seeks damages, injunctive and declaratory relief, attorney fees and costs, against Jack in the Box, Inc. dba Jack in the Box #63 and The Max Firstenberg Weinstock Family, LLC (hereinafter collectively referred to as "Jack in the Box") pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Oliver's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. Jack in the Box owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

8. Oliver suffered a stroke approximately 13 years ago. The stroke left him paralyzed, speech impaired, and unable to stand or walk. Oliver requires the use of a motorized wheelchair when traveling about in public. Consequently, Oliver is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Oliver visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Oliver, the barriers at the Restaurant included, but are not limited to, the following:

- There is no tow away signage posted and/or the tow away signage posted is not correct;
- The slope and cross slope of the disabled parking spaces exceed 2.0%;
- The slope and cross slope of the adjacent access aisles exceed 2.0%;
- The signage posted in the van accessible parking stall is not correct;
- The platform at the bottom of the ramp along the accessible route is not the correct size;
- The signage posted at the front door is not correct;
- The hardware on the entrance door is not accessible;
- The serving counter is too high and does not have a portion lowered to accommodate patrons in wheelchairs;
- Some of the items located on the condiment counter are out of the required reach range;

- There is no seating provided for the disabled;
- There is no properly designated seating for the disabled;
- The toilet tissue dispenser protrudes into the clear maneuvering space needed to access the water closet; and,
- The pipes underneath the lavatory are not properly wrapped to protect from burns.

These barriers prevented Oliver from enjoying full and equal access.

11.    Oliver was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12.    Oliver also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Oliver is seeking to remove barriers unrelated to his disability.

13.    Jack in the Box knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Jack in the Box has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled. To date, however, Jack in the Box refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.    At all relevant times, Jack in the Box has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Jack in the Box has not removed such impediments and has not modified the Restaurant to conform to

accessibility standards. Jack in the Box has intentionally maintained the Restaurant in its current condition and has intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

15. Oliver further alleges that the (continued) presence of barriers at the Restaurant is so obvious as to establish Jack in the Box's discriminatory intent.[1] On information and belief, Oliver avers that evidence of this discriminatory intent includes Jack in the Box's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Restaurant; conscientious decision to the architectural layout (as it currently exists) at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that the Restaurant continues to exist in its non-compliant state. Oliver further alleges, on information and belief, that Jack in the Box is not in the midst of a remodel, and that the barriers present at the Restaurant are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Oliver incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Jack in the Box discriminated against Oliver by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or

---

[1] E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2] Id.; 28 C.F.R. § 36.211(b)

*Oliver v. Jack in the Box, Inc., et al.*
Plaintiff's Complaint

Page 5

accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Oliver alleges that Jack in the Box can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Jack in the Box violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Jack in the Box to remove the Restaurant's barriers, then Jack in the Box violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

23. On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Jack in the Box violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Oliver—when it was structurally practical to do so.[3]

### Failure to Make an Altered Facility Accessible

26. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Jack in the Box altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Oliver—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Jack in the Box violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Oliver v. Jack in the Box, Inc., et al.*
Plaintiff's Complaint

Page 7

31. Oliver seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Oliver also seeks a finding from this Court (*i.e.*, declaratory relief) that Jack in the Box violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM
### Disabled Persons Act

33. Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, Jack in the Box discriminated against the physically disabled public—including Oliver—by denying them full and equal access to the Restaurant. Jack in the Box also violated Oliver's rights under the ADA, and, therefore, infringed upon or violated (or both) Oliver's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Oliver seeks actual damages (both general and special damages), statutory minimum damages of one

thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.   He also seeks to enjoin Jack in the Box from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

40.   Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.   Jack in the Box's aforementioned acts and omissions denied the physically disabled public—including Oliver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Oliver by violating the Unruh Act.

46. Oliver was damaged by Jack in the Box's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47. Oliver also seeks to enjoin Jack in the Box from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48. Oliver incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Oliver alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52. Jack in the Box's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Oliver and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Oliver prays judgment against Jack in the Box for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

*Oliver v. Jack in the Box, Inc., et al.*
**Plaintiff's Complaint**

2. Declaratory relief that Jack in the Box violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

DATED: June 19, 2008                    DISABLED ADVOCACY GROUP, APLC

_____
LYNN HUBBARD, III
Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Oliver v. Jack in the Box, Inc., et al.*
**Plaintiff's Complaint**

```
         UNITED STATES
         DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

       # 152185      - TC

          June 23, 2008
            15:16:47


         Civ Fil Non-Pris
    USAO #.: 08CV1105
    Judge..: WILLIAM Q HAYES
    Amount.:               $350.00 CC


       Total-> $350.00


    FROM: OLIVER VS. JACK IN THE BOX
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
A.J. OLIVER

### DEFENDANTS
JACK IN THE BOX, INC. dba JACK IN THE BOX #63; THE MAX FIRSTENBERG WEINSTOCK FAMILY, PLC

(b) County of Residence of First Listed Plaintiff: **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
LYNN HUBBARD, III    DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane  Chico, CA 95926   (530) 895-3252

Attorneys (If Known)
'08 CV 1105 WQH RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☒ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 06/19/2008
SIGNATURE OF ATTORNEY OF RECORD: [redacted]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____