| | |
|---|---|
| Michael G. Ackerman, Esq. (SBN 64997)<br>Kevin B. Kevorkian, Esq. (SBN 130242)<br>ACKERMAN AND KEVORKIAN<br>2391 The Alameda, Suite 100<br>Santa Clara, CA 95050<br>Telephone: (408) 261-5800<br><br>Attorneys for Defendant,<br>JACK IN THE BOX INC., | FILED<br>08 JUL 30 PM 4:16<br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br><br>BY: ECu   DEPUTY |

UNITED STATES DISTRICT COURT OF CALIFORNIA

FOR THE SOUTHERN DISTRICT

| | |
|---|---|
| A.J. OLIVER,<br><br>  Plaintiff,<br>vs.<br><br>JACK IN THE BOX INC. dba JACK IN THE BOX #63, THE MAX FIRSTENBERG, WEINSTOCK FAMILY, LLC,<br><br>  Defendants. | Case No.: 08-CV-1105- WQH RBB<br><br>**ANSWER TO COMPLAINT** |

This answering defendant demands a jury trial.

COMES NOW, Defendant Jack in the Box Inc., and in answer to Plaintiff's complaint filed in the above entitled action, makes the following answer:

1. In answering paragraphs 1 and 2 of Plaintiff's complaint, this answering Defendant does not have sufficient information or belief on which to admit or deny the allegations contained in paragraphs 1 and 2 of Plaintiff's complaint, and on that basis Defendant denies the allegations contained therein.

2. In answering paragraphs 3, 4, 5 and 6 of Plaintiff's complaint, this answering Defendant admits that jurisdiction and venue are proper in this court.

3. In answering paragraph 7 of Plaintiff's complaint, this answering Defendant admits that there is a Jack in the Box restaurant at 1408 3rd Avenue, Chula Vista, California that is owned, operated or leased by a Defendant.

- 1 -

ANSWER TO COMPLAINT                                    Case No.: 08-CV-1105- WQH-RBB

4. In answering paragraph 8 of Plaintiff's complaint, this answering Defendant does not have sufficient information or belief upon which to admit or deny the allegations contained in paragraph 8, and on that basis Defendant denies the allegations contained therein.

5. In answering paragraph 9 of Plaintiff's complaint, this answering Defendant admits the allegations contained therein.

6. In answering paragraphs 10, 11, and 12 of Plaintiff's complaint, this answering Defendant does not have sufficient information or belief on which to admit or deny the allegations contained in paragraphs 10, 11 and 12 of Plaintiff's complaint, and on that basis Defendant denies the allegations contained therein.

7. In answering paragraph 13, 14 and 15 of Plaintiff's complaint, this answering Defendant denies the allegations contained therein.

8. In answering paragraph 16 of Plaintiff's complaint, this answering Defendant realleges and incorporates herein by reference the entirety of the admissions and denials previously set forth in this answer.

9. In answering paragraph 17 of Plaintiff's complaint, this answering Defendant admits the content of the statute cited.

10. In answering paragraph 18 of Plaintiff's complaint, this answering Defendant denies the allegations contained therein.

11. In answering paragraphs 19 and 20 of Plaintiff's complaint, this answering Defendant admits the content of the statutes cited.

12. In answering paragraphs 21 and 22 of Plaintiff's complaint, this answering Defendant does not have sufficient information or belief on which to admit or deny the allegations contained in paragraphs 21 and 22 of Plaintiff's complaint, and on that basis Defendant denies the allegations contained therein.

13. In answering paragraph 23 of Plaintiff's complaint, this answering Defendant denies that the restaurant was constructed after January 26, 1992.

///

- 2 -

ANSWER TO COMPLAINT      Case No.: 08-CV-1105- WQH-RBB

14. In answering paragraph 24 of Plaintiff's complaint, this answering Defendant admits the content of the statute cited.

15. In answering paragraph 25 of Plaintiff's complaint, this answering Defendant does not have sufficient information or belief on which to admit or deny the allegations contained in paragraph 25 of Plaintiff's complaint, and on that basis Defendant denies the allegations contained therein.

16. In answering paragraph 26 of Plaintiff's complaint, this answering Defendant does not have sufficient information or belief on which to admit or deny the allegations contained in paragraph 26 of Plaintiff's complaint, and on that basis Defendant denies the allegations contained therein.

17. In answering paragraph 27 of Plaintiff's complaint, this answering Defendant admits the content of the statute cited.

18. In answering paragraph 28 of Plaintiff's complaint, this answering Defendant denies the allegations contained therein.

19. In answering paragraph 29 of Plaintiff's complaint, this answering Defendant admits the content of the statute cited.

20. In answering paragraph 30 of Plaintiff's complaint, this answering Defendant denies the allegations contained therein.

21. In answering paragraphs 31 and 32 of Plaintiff's complaint, this answering Defendant does not have sufficient information or belief on which to admit or deny the allegations contained in paragraphs 31 and 32 of Plaintiff's complaint, and on that basis Defendant denies the allegations contained therein.

22. In answering paragraph 33 of Plaintiff's complaint, this answering Defendant realleges and incorporates herein by reference the entirety of the admissions and denials previously set forth in this answer.

23. In answering paragraphs 34, 35 and 36 of Plaintiff's complaint, this answering Defendant admits the content of the statutes cited.

///

24. In answering paragraph 37 of Plaintiff's complaint, this answering Defendant denies the allegations contained therein.

25. In answering paragraphs 38 and 39 of Plaintiff's complaint, this answering Defendant does not have sufficient information or belief on which to admit or deny the allegations contained in paragraphs 38 and 39 of Plaintiff's complaint, and on that basis Defendant denies the allegations contained therein.

26. In answering paragraph 40 of Plaintiff's complaint, this answering Defendant realleges and incorporates herein by reference the entirety of the admissions and denials previously set forth in this answer.

27. In answering paragraphs 41, 42 and 43 of Plaintiff's complaint, this answering Defendant admits the content of the statutes cited.

28. In answering paragraphs 44, 45, 46 and 47 of Plaintiff's complaint, this answering Defendant does not have sufficient information or belief on which to admit or deny the allegations contained in paragraphs 44, 45, 46 and 47 of Plaintiff's complaint, and on that basis Defendant denies the allegations contained therein.

29. In answering paragraph 48 of Plaintiff's complaint, this answering Defendant realleges and incorporates herein by reference the entirety of the admissions and denials previously set forth in this answer.

30. In answering paragraphs 49 and 50 of Plaintiff's complaint, this answering Defendant admits the content of the statutes cited.

31. In answering paragraphs 51 and 52 of Plaintiff's complaint, this answering Defendant does not have sufficient information or belief on which to admit or deny the allegations contained in paragraphs 51 and 52 of Plaintiff's complaint, and on that basis Defendant denies the allegations contained therein.

PRAYER

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That Plaintiff's complaint be dismissed in its entirety with prejudice;

////

2. That this answering Defendant be awarded costs of suit and attorneys' fees incurred in defending this action; and

3. That this answering Defendant be awarded such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1. As and for a first, separate and distinct affirmative defense to the Complaint herein, and each claim of relief thereof, this answering defendant alleges that plaintiff's Complaint, and each cause of action stated therein, fails to state facts sufficient to constitute a cause of action against any defendant.

2. As and for a second, separate and distinct affirmative defense to the Complaint herein, and each claim of relief thereof, this answering defendant alleges that the causes of action alleged in plaintiff's Complaint are barred by the provisions of the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340 and 343.

3. As and for a third, separate and distinct affirmative defense to the Complaint herein, and each claim of relief thereof, this answering defendant alleges that plaintiff's claims are barred because plaintiff had a duty to take reasonable steps to mitigate his alleged damages and failed to take any such steps or delayed unreasonably in doing so.

4. As and for a fourth, separate and distinct affirmative defense to the Complaint herein, and each claim of relief thereof, this answering defendant alleges that plaintiff waived any right he otherwise might have to relief, and therefore, is barred, in whole or in part, from recovery in this action.

5. As and for a fifth, separate and distinct affirmative defense to the Complaint herein, and each claim of relief thereof, this answering defendant alleges that plaintiff is estopped to assert his claims and is therefore barred from recovery in this action.

///

6. As and for a sixth, separate and distinct affirmative defense to the Complaint herein, and each claim of relief thereof, this answering defendant alleges that defendant is excused from performance based on plaintiff prior actions.

7. As and for a seventh, separate and distinct affirmative defense to the herein, and each claim of relief thereof, this answering defendant alleges that plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel and unclean hands.

8. As and for a eighth, separate and distinct affirmative defense this answering defendant alleges that the Complaint and each cause of action therein is uncertain.

9. As and for a ninth, separate and distinct affirmative defense this answering defendant alleges that plaintiff's claims are barred by plaintiff's failure to exhaust his administrative remedies as required by Federal and State law.

10. As and for a tenth, separate and distinct affirmative defense this answering defendant alleges that Plaintiff's claims are barred, in whole or in part, by the class action settlement contained in <u>Jorgensen vs. Jack in the Box Restaurants, et al.</u>, U.S. District Court, Northern District of California, C95-0406 THE.

11. As and for a eleventh, separate and distinct affirmative defense this answering defendant alleges that the class action settlement contained in the lawsuit <u>Jorgensen vs. Jack in the Box Restaurants, et al.</u>, U.S. District Court, Northern District of California, C95-0406 THE, acts as collateral estoppel to Plaintiff's claims.

12. As and for a twelfth, separate and distinct affirmative defense this answering defendant alleges that the class action settlement contained in the lawsuit <u>Jorgensen vs. Jack in the Box Restaurants, et al.</u>, U.S. District Court, Northern District of California, C95-0406 THE, is *res judicata* as to Plaintiff's claims.

13. As and for a thirteenth, separate and distinct affirmative defense this answering defendant alleges that the Complaint does not set forth any facts that would entitle plaintiff to recover general, compensatory, and/or punitive damages (including attorneys' fees and costs) against defendant.

14. As and for a fourteenth, separate and distinct affirmative defense this answering defendant alleges that defendant was not provided any notice of or opportunity to remedy any alleged access violations.

15. As and for a fifteenth, separate and distinct affirmative defense this answering defendant alleges that Plaintiff suffered no damages sufficient to state or support a cause of action against this answering Defendant.

16. As and for a sixteenth, separate and distinct affirmative defense this answering defendant alleges that Plaintiff was never denied access to the restaurant.

17. As and for a seventeenth, separate and distinct affirmative defense these answering defendants reserve the right to plead any additional affirmative defenses which discovery may reveal during the course of this litigation.

DATED: July 29, 2008

ACKERMAN AND KEVORKIAN

By: _____
KEVIN B. KEVORKIAN, ESQ.
Attorneys for Defendant, Jack in the Box Inc.

C:\MyDocs\JIB\Oliver\Answer2complaint.wpd

- 7 -

ANSWER TO COMPLAINT                    Case No.: 08-CV-1105- WQH-RBB

# PROOF OF SERVICE

The undersigned declares as follows:

I am employed in the County of Santa Clara, California, and am over the age of 18 years, and not a party to the within action. My business address is 2391 The Alameda, Suite 100, Santa Clara, CA 95050.

On July 29, 2008, I caused to be served the following:

— **ANSWER TO COMPLAINT**

on the interested parties in this action by placing true copies thereof in a sealed envelope addressed to the person(s) listed below:

Lynn Hubbard, III, Esq.
Law Offices of Lynn Hubbard, III, Esq.
12 Williamsburg Lane
Chico, CA 95926
**Facsimile:(530) 894-8244**
(Attorney for Plaintiff, A.J. Oliver)

( X ) **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after dated of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully paid to be placed in the United States Mail at Santa Clara, California.

( ) **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement on court order, to the number(s) listed above or on an attached sheet. Said transmission was reported complete and without error.

( ) **(By Overnight Mail)** I served a true and correct copy enclosed in a sealed package, for California Overnight or Federal Express collection and for overnight delivery. I marked said envelope for collection and overnight delivery to the addressed and to the office of the addressee(s) as above indicated. In the ordinary course of business and including said overnight envelopes, will be deposited with California

Overnight at Santa Clara, California.

( X )  **(Federal Only)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on July 29, 2008, at Santa Clara, California.

_____
CAMI J. SMURPHAT

---

- 9 -

ANSWER TO COMPLAINT            Case No.: 08-CV-1105- WQH-RBB